

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**GERALD C. MANN**
~~XXXXXXXXXXXXXXXXXX~~
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Dear Mr. Lawson:              Attention: Mr. Abner L. Lewis

Opinion No. O-4791
Re: Right of an applicant to file,
     have approved and registered
     a trade-mark or trade name
     under R.C.S., Article 851 --
     "Victory Motor Oil."

We have your inquiry asking an opinion from this Department with respect to the above subject matter, the letter being as follows:

"We are handing you herein the application of J. L. Surginer of Crosbyton, Texas, for registration of the trademark and trade name under Article 851 of the Statutes, the words 'Victory Motor Oil".

"This department will appreciate your answer to the following questions:

"1.  Is this department authorized to approve and file for trade name or trademark and thus grant the exclusive use of the names Victory and Motor Oil, which names are in such common use by the General Public even though said trade name or trademark is coupled with a design, same not being a manufactured article or a formula in which the applicant is owner?

"2.  Does such design and wording shown on the facsimile show such ownership as would entitle the applicant to the exclusive use thereof?

"3. Should this application be granted?"

Article 851, of the Revised Civil Statutes, is as follows:

"Every person, association or union of workingmen, incorporated or unincorporated, that has heretofore or shall hereafter adopt a label, trade mark, design, device, imprint or form of advertisement, shall file the same in the office of the Secretary of State by leaving two facsimile copies with the Secretary of State, and said Secretary shall return to such person, association or union so filing the same, one of said facsimile copies along with and attached to a duly attested certificate of the filing of same, for which he shall receive a fee of one dollar. Such certificate of filing shall in all suits and prosecutions under this chapter be sufficient proof of the adoption of such label, trade mark, design, device, imprint or form of advertisement, and of the right of such person, association or union to adopt the same. No label, trade mark, design, device, imprint or form of advertisement shall be filed as aforesaid that would probably be mistaken for a label, trade mark, design, device, imprint or form of advertisement already of record. No person, or association shall be permitted to register as a label, trade mark, design, device, imprint or form of advertisement any emblem, design or resemblance thereto that has been adopted or used by any charitable, benevolent or religious society or association, without their consent."

The statute does not undertake to confer upon a registrant of such a label or trade-mark a property right in the label or advertisement as such, but rather to protect the registrant with respect to the article, formula, contents or property or property rights whatsoever, to which the label or trade-mark relates. Such labels have no element within themselves of literary or artistic property value.

It is settled property-right law that words that are purely descriptive of the property thus protected may not be copyrighted so as to give the claimant a monopoly upon the use of such words.

Mere labels which simply designate or describe the articles to which they are attached, and which have no value separate from the articles have never been within the protection of the copyright law. (18 C.J.S.p. 177). While this is the rule specially with respect to federal

copyright, it is likewise apparently the rule under our statute.

There is also a well-established rule of law that words and terms in common use are not to be copyrighted by any one, and we think this wholesome principle applies with unusual force in the present inquiry.

Certainly, the words "motor oil" are in no sense copyrightable, and the addition of the word "victory" to the label does not help the matter, in our opinion. The word "Victory" should not only be deeply engraved upon the tablets of every heart in this country and oft upon the tongue of every loyal citizen, but it should also be free. Copyright monopolies are granted upon the conception of fostering achievement and preventing unfair trade competition.

No such reasons exist and no such right should follow to a monopoly of patriotism for pecuniary profit.

This Department in Opinion No. O-583, addressed to the Secretary of State, rendered a similar opinion wherein the following language was used:

"Furthermore, it is with unmitigated apprehension that we view any monopolization or private exploitation of words which are the common heritage of the people and which are too symbolical of patriotism and the social and economic weal of the state to be used commercially. As a matter of public policy, the words 'Texas' and 'What Texas Makes, Makes Texas' must not be brought within the category of trade names or 'form advertisement.' "

Your questions are answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                    /s/ Ocie Speer
                     Ocie Speer
                     Assistant

OS:MR:da

APPROVED NOV 13, 1942            APPROVED OPINION
/s/ Gerald C. Mann                   COMMITTEE
ATTORNEY GENERAL OF TEXAS        BY BWB
                                  Chairman